Rachel E. Kaufman (CSB# 259353)
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

Attorney for Plaintiff and all others similarly situated

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA BUELL, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT.COM, INC., a Delaware corporation,<br><br>Defendant. | NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Angela Buell ("Plaintiff Buell" or "Buell") brings this Class Action Complaint and Demand for Jury Trial against Defendant Credit.com Inc. ("Defendant Credit.com" or "Credit.com") to stop the Defendant from violating the Telephone Consumer Protection Act by making unsolicited pre-recorded telemarketing calls, including to consumers who registered their phone numbers on the National Do Not Call registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Buell, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**PARTIES**

1.   Plaintiff Angela Buell is a resident of Edon, Ohio.

2. Defendant Credit.com is a Delaware registered corporation headquartered in San Francisco, California. Defendant Credit.com conducts business throughout this District and throughout the U.S.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant because the Defendant maintains its headquarters in this District and because the wrongful conduct giving rise to this case was directed from this District by Defendant.

## INTRODUCTION

5. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

7. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

8. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

9. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

10. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

11. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

12. According to online robocall tracking service "YouMail," 4 billion robocalls were placed in January 2021 alone, at a rate of 129.6 million per day. www.robocallindex.com.

13. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

14. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

15. "The FTC receives more complaints about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

**COMMON ALLEGATIONS**

16. Credit.com provides credit counseling services to consumers.[3]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.credit.com/

CLASS ACTION COMPLAINT
-3-

17. Credit.com offers basic plans to consumers at no cost, with options to get additional services like "extracredit" for a cost of $24.99 per month.[4]

18. As part of its business practice, Credit.com places solicitation calls to consumers in order to solicit them to purchase credit.com plans.

19. Defendant Credit.com places pre-recorded calls to consumers despite having never acquired the necessary consent needed to place such calls.

20. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded [solicitation] calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

21. These calls are being placed without express written consent from consumers who are registered on the DNC and who do not have an existing business relationship with the Defendant.

22. For example, in Plaintiff Buell's case, Defendant placed multiple pre-recorded calls to her cell phone number which is registered on the DNC.

23. Consumers have complained online about the incessant calls they receive from Defendant. For example:

- "They were looking for a person and said they were credit. Com to help with my credit issues"[5]
- "Unsolicited call"[6]
- "robo call"[7]
- "repeatedly calls"[8]

---

[4] https://www.credit.com/extracredit/adv
[5] https://www.shouldianswer.com/phone-number/8333332329
[6] *Id.*
[7] *Id.*
[8] *Id.*

CLASS ACTION COMPLAINT
-4-

- "Credit.com some type of Auto Express agency"[9]
- "had a call from this number about 10 times now I HAVE IT BLOCKED"[10]
- "[Just] calls allday"[11]
- "leaves *** second vm every time"[12]

24. Consumers have posted pre-recorded voicemails that they received from Defendant on YouMail.com that are identical to the voicemails Plaintiff received, from the same phone number Defendant used to call Plaintiff. For example:

🚫 Spam

> Hi this is Credit.com. You recently submitted a request for one of our partner sites. So we're calling to provide you with a free credit report consultation to help you with your credit needs. Please call us back at 844-243-7661 that's 844-243-7661. You can also opt out from receiving these offers by calling 800-233-7839.

A YouMail subscriber
7/10/20, 10:22 AM

🚫 Spam

> Hi this is Credit.com. You recently submitted a request for one of our partner sites. So we're calling to provide you with a free credit report consultation to help you with your credit needs. Please call us back at 844-243-7661 that's 844-243-7661. You can also opt out from receiving these offers by calling 800-233-7839.

A YouMail subscriber
6/24/20, 9:36 AM [13]

25. In response to these calls, Plaintiff Buell files this lawsuit seeking injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Classes and costs.

---

[9] https://800notes.com/Phone.aspx/1-833-333-2329
[10] https://www.reportedcalls.com/8333332329
[11] https://findwhocallsyou.com/8333332329?CallerInfo
[12] *Id.*
[13] https://directory.youmail.com/directory/phone/8333332329

**PLAINTIFF BUELL'S ALLEGATIONS**

26. Plaintiff Buell registered her cell phone phone number on the DNC on April 16, 2013.

27. Plaintiff Buell's cell phone number is not associated with a business and is used for personal use only.

28. On February 3, 2021 at 9:08 AM, Plaintiff received a call from Defendant to her cell phone, from phone number 833-333-2329.

29. Plaintiff did not answer this call.

30. Defendant left a pre-recorded voicemail on Plaintiff's cell phone:



31. On February 3, 2021 at 4:12 PM, Plaintiff received a 2nd call from Defendant to her cell phone, from phone number 833-333-2329.

32. Plaintiff did not answer this call.

33. Defendant left a pre-recorded voicemail on Plaintiff's cell phone that is identical to the voicemail that was left on February 3, 2021 at 9:08 AM:



34. On February 4, 2021 at 10:25 AM, Plaintiff received a 3rd call from Defendant to her cell phone, from phone number 833-333-2329.

35. Plaintiff did not answer this call.

36. Defendant left a pre-recorded voicemail on Plaintiff's cell phone that is identical to the 2 voicemails Plaintiff received on February 3, 2021:



37. At no time did Plaintiff consent to receive pre-recorded or other telemarketing calls.

38. Plaintiff was not looking to get any credit counseling support or any related services, and did not submit a request for one of Credit.com's partners.

39. The unauthorized solicitation telephone calls that Plaintiff received from Credit.com, as alleged herein, have harmed Plaintiff Buell in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of her phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

40. Seeking redress for these injuries, Plaintiff Buell, on behalf of herself and Classes of similarly situated individuals, bring suit under the TCPA.

## CLASS ALLEGATIONS

41. Plaintiff Buell brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Classes:

**Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant (or an agent acting on behalf of Defendant) called (2) using a pre-recorded voice message, and (3) for whom the Defendant claim (a) they obtained prior express written consent in the same manner as Defendant claims they supposedly obtained prior express written consent to call Plaintiff, or (b) they obtained the person's number in the same manner as Defendant obtained Plaintiff's number.

**Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant (or an agent acting on behalf of the Defendant) called more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff, and (5) for whom Defendant claims (a) they obtained prior express written consent in the same manner as Defendant claim they supposedly obtained prior express written consent to call Plaintiff, or (b) they obtained the person's number in the same manner as Defendant obtained Plaintiff's number.

42. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff Buell anticipates the need to amend the Class definitions following appropriate discovery.

43. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

44. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a) whether Defendant Credit.com placed pre-recorded voice message calls to Plaintiff Buell and members of the Pre-recorded Class without first obtaining consent to make the calls;

(b) whether Defendant Credit.com systematically made multiple calls to Plaintiff and other consumers whose telephone numbers were registered with the DNC without first obtaining consent to make the calls;

(c) whether Defendant Credit.com's calls to Plaintiff and other consumers were made for telemarketing purposes;

(d) whether Defendant's conduct constitutes a violation of the TCPA; and

(e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

45. **Adequate Representation**: Plaintiff Buell will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff Buell has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff Buell and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff Buell nor her counsel have any interest adverse to the Classes.

46. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff Buell. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation

necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Buell and the Pre-recorded No Consent Class)**

47. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

48. Defendant and/or its agents transmitted unwanted solicitation telephone calls to Plaintiff Buell and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

49. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Buell and the other members of the Pre-recorded No Consent Class.

50. Defendant has, therefore, violated 47 U.S.C. §§ 227(b)(1)(A)(iii), (b)(1)(B). As a result of Defendant's conduct, Plaintiff Buell and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**SECOND CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Buell and the Do Not Registry Class)**

51. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

52. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber

who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

53. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

54. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Buell and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

55. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Buell and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

56. As a result of Defendant's conduct as alleged herein, Plaintiff Buell and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

57. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Buell individually and on behalf of the Classes, prays for the following relief:

58. An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff Buell as the representative of the Classes; and appointing her attorneys as Class Counsel;

59. An award of actual and/or statutory damages and costs;

60. An aware of attorney's fees;

61. An order declaring that Defendant's actions, as set out above, violate the TCPA;

62. An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

63. Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

Respectfully Submitted,

**ANGELA BUELL**, individually and on behalf of those similarly situated individuals,

DATED this 11th day of February, 2021.

By: /s/ *Rachel Kaufman*
Rachel Kaufman
Rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

Stefan Coleman*
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

*Attorneys for Plaintiff and the putative Classes*

*Pro Hac Vice motion forthcoming

CLASS ACTION COMPLAINT
-13-